UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
BARBARA LEVENBERG,

          Plaintiff,

-against-

AMERICAN REAL ESTATE PARTNERS, L.P.,
AMERICAN REAL ESTATE HOLDINGS, L.P.
JOHN D. SALDARELLI, and
HENRY J GERARD,

          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Case No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, through her attorneys, WOLF & WOLF, LLP, alleges upon personal knowledge and information and belief as follows:

## NATURE OF THIS ACTION

1. This action is brought by plaintiff on the basis of discrimination against her in the terms and conditions of her employment; on the basis of the Plaintiff's age in violation of the Age Discrimination in Employment Act (29 U.S.C. Sec. 621 -634), and race in violation of Title VII of the Civil Rights Act of 1964, as amended, and Section 1981 of the Civil Rights Act, 42 U.S.C Section 2000(e) et seq.; and for retaliation; and in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA,") as amended by the Equal Pay Act ("EPA,")(29 U.S.C. § 206(d)), as well as   New York State Executive Law, Section §290 [Human Rights Law]; New York State Labor Law §198, and any other cause of action which can be inferred from the facts set forth herein.

RECEIVED JUN 28 2005 U.S.D.S.D.N.Y. CASHIERS

JUDGE WOOD

CV 6012

Please purchase Image To PDF Converters on http://www.verypdf.com/ to remove this message, thank you.

2. The jurisdiction of this Court is invoked under 28 U.S.C. §1331, and 1343 the doctrine of supplemental jurisdiction and the aforementioned statutory and Constitutional provisions.

3. Venue is proper pursuant to 28 U.S.C. §1391.

4. The jurisdictional prerequisites to this lawsuit have been completed. Plaintiff has filed a formal administrative complaint (Charge Number 16G200405205) with the Equal Employment Opportunity Commission [a copy of which is attached as exhibit A, and has received a Right to Sue letter dated January 14, 2005, which is attached as Exhibit B. This action is filed within 90 days of Plaintiff's receipt of her Right to Sue letter.

THE PARTIES

5. Plaintiff is a resident of Hartsdale, New York located in Westchester County. She is and employee in good standing of the partnership entities the defendants American Real Estate Partners, L.P and American Real Estate Holdings, L.P. having been employed for a period of 12 ½ years. Petitioner's current title is Assistant Comptroller at a salary of $69,000. However, since the filing of the SDHR complaint some of her duties have been taken away from that which will be more fully set forth below.

6. On information and belief, at all time hereinafter mentioned the 'L.P.' defendants are Petitioner's employers doing business in the State of New York at 100 South Bedford Road, Mt. Kisco, New York and manage the holdings of Carl Icahn.

7. On information and belief, at all times hereinafter mentioned the individual defendant John Saldarelli was and is, *inter alia*, the Chief Financial Officer of American Real Estate Partners L.P. responsible for administering the Accounting Department.

Please purchase Image To PDF Converters on http://www.verypdf.com/ to remove this message, thank you.

8. At all times hereinafter mentioned, the Defendant Henry J. Gerard was and is, *inter alia*, the Comptroller of the LP defendants.

9. The Respondent partnership entities employ more than 17 individuals.

10. The Respondents, and each of them, have discriminated against the Petitioner in the terms and conditions of her employment as follows:

a. Gender Discrimination: Defendants have violated Federal and State Law against Gender Discrimination in the terms and conditions of employment in that similarly situated males are given more favorable terms and conditions of employment extending from slary schedules, overtime pay, bonuses, comp time, flextime, and choice of vacation. Moreover, the defendants have failed to promote the plaintiff during hiring, instead, two male employees at a higher compensation or higher rate of increase after a short period of tenure.

b. Violation of the Equal Pay Act: As the Assistant Comptroller, the Plaintiff performs work that is the same or similar to at least one male employee without equality in pay with that individual.

c. Violations of Age Discrimination in Employment Laws: Petitioner is over forty years of age and is a member of a protected class under Federal and State anti-discrimination laws. The Defendants have violated State and Federal Laws against age discrimination in that the defendants employ younger employees who are afforded advancement and better working conditions that the Plaintiff. Plaintiff has also been denied the right given to individuals of her age to contribute additional monies to her 401K pursuant to the recent "catch up" provisions to the Federal Tax Laws.

d. Retaliation: The plaintiff has been discriminated against for filing the initial complaint with the State Division of Human Rights.

Please purchase Image To PDF Converters on http://www.verypdf.com/ to remove this message, thank you.

e. <u>Hostile Work Environment</u>:    All of the above conduct is severe and pervasive and is continuing. Based upon the frequency and severity of this conduct, Defendants have created, maintained and fostered a hostile work environment. Consequently, the Defendants have maintained a hostile work environment.

11. On information and belief, eleven days before signing the SDHR complaint, and for at least two years prior thereto male employees doing the same or similar work were more favorably compensated for the same or similar work.

12. Plaintiff has endured pain, suffering, and humiliation at her place of employment and elsewhere as a result of the aforesaid treatment and has been rendered sick, sore, lame and disabled.

## FACTS CONSTITUTING RETALIATION

13. After the filing of the aforementioned SDHR complaint, to wit, in April, 2004, the Plaintiff filed a further complaint for retaliation and hostile work environment [a copy of which is annexed as Exhibit C.]

14. The complaint alleges that the Petitioner had been stripped of job duties thus marginalizing her position as more particularly set forth therein.

15. The withdrawal and marginalization of plaintiff's job duties also constituted a surreptitious attempt to redefine her role in response to the first SDHR complaint.

## FACTS CONSTITUTING RETALIATION AND FAILURE TO PROMOTE

16. On September 15, 2004 after the filing of the SDHR complains annexed as Exhibits A and C the Defendants hired a male assistant comptroller for the 'LP's at a pay rate of $100,000.00 more than $31,000.00 than the Plaintiff earned after 13 years.

Please purchase Image To PDF Converters on http://www.verypdf.com/ to remove this message, thank you.

17. Prior to the employment of the new male Assistant Comptroller, the duties and responsibilities that are now assigned to him were offered to a male Assistant Comptroller who is younger than the Complainant.

18. The Petitioner was not offered the position although she was qualified therefor.

AS AND FOR A FIRST CAUSE OF ACTION
AGAINST THE LP DEFENDANTS FOR AGE DISCRIMINATION

19. Plaintiff repeats and alleges each and every allegation contained in paragraphs 1. through 18.

20. Plaintiff was at all times material hereto an employee covered by the Age Discrimination in Employment Act (29 U.S.C.A. Section 621), prohibiting discrimination in employment on the basis of age, in that Plaintiff was a member of the protected and recognized group of workers over the age of 40.

21. At all times material hereto, Defendant was an employer within the meaning of the Age Discrimination in Employment Act (29 U.S.C.A. section 621), and as such was prohibited from discriminating in employment decisions on the basis of age.

22. Defendant discriminated against Plaintiff in violation of the Age Discrimination in Employment Act by denying her similar privileges of employment, , inconsistent with her work performance, on the basis of her age. Defendant repeatedly tarnished Plaintiff's personal and professional reputation and credibility by their actions, wherein subjecting Plaintiff to such treatment, with the untrue implication to Plaintiff's peers, co-workers and others in contact with Plaintiff that Plaintiff was less competent than others in the department.

23. As a proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and

Please purchase Image To PDF Converters on http://www.verypdf.com/ to remove this message, thank you.

consequential damages and expenses, all to Plaintiffs damage in an amount according to proof.

24. The conduct of Defendant was outrageous, was done in a deliberate, callous, malicious, fraudulent and oppressive manner intended to injure Plaintiff, was with an improper motive amounting to malice and spite caused by bias and was done in conscious disregard of Plaintiffs rights. In addition, the conduct was willful, entitling Plaintiff to liquidated damages.

**AS AND FOR A SECOND CAUSE OF ACTION
FOR GENDER DISCRIMINATION AGAINST THE
LP DEFENDANTS.**

25. Repeats and realleges each and every allegation set forth in paragraphs 1-24 with the same force and effect as if herein more fully set forth.

26. Defendant's acts, practices, and policies described herein constitute intentional discrimination against plaintiff on the basis of her gender, in violation of 42 U.S.C. § 2000e et seq.

**AS AND FOR A THIRD CAUSE OF ACTION
UNDER THE EQUAL PAY ACT AGAINST THE LP DEFENDANTS**

27. Repeats and realleges each and every allegation set forth in paragraphs 1-24 with the same force and effect as if herein more fully set forth.

28. Upon information and belief, from 2001 and continuing into the present, Defendants have failed and is failing to pay Plaintiff at the same rate it has been and is paying male employees in the same establishment for work that requires substantially equal skill, effort, and responsibility and is performed under similar working conditions.

29. The disparity in pay aforesaid was not discovered until shortly before the filing of the SDHR complaint.

Please purchase Image To PDF Converters on http://www.verypdf.com/ to remove this message, thank you.

30. The disparity continued in the in the 2004 hiring of an assistant controller for $100,000.00

31. By virtue of the foregoing, Defendants have violated Section 6(d) of the Equal Pay Act ("EPA") [29 U.S.C. § 206(d)].

32. Defendants' violation of Section 6(d) of the Equal Pay Act ("EPA") [29 U.S.C. § 206(d)] is willful.

AS AND FOR A FOURTH CAUSE OF ACTION
DISCRIMINATION UNDER THE NEW YORK STATE EXECUTIVE LAW
AGAINST THE LP DEFENDANTS

33. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-32 with the same force and effect as if herein more fully set forth.

34. The conduct aforesaid constitutes discrimination and retaliation under New York State Executive Law § 290

AS AND FOR A FIFTH CAUSE OF ACTION
AGAINST THE LP DEFENDANTS FOR RETALIATION

35. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-33 with the same force and effect as if herein more fully set forth

36. All of the conduct that occurred after filing the first SDHR Complaint [Exhibit A] constituted illegal retaliation under Title VII, Federal Age Discrimination Statutes, and the State Executive Law to the extent allowed under the applicable sections.

SIXTH CAUSE OF ACTION
NEW YORK LABOR LAW § 198 AGAINST THE LP DEFENDANTS

37. Plaintiff repeats and realleges the allegations set forth in all previous allegations as if fully set forth herein.

Please purchase Image To PDF Converters on http://www.verypdf.com/ to remove this message, thank you.

38. As the result of the foregoing, defendant has violated New York Labor Law § 198 and plaintiff has been damaged.

**FOR A SEVENTH CAUSE OF ACTION
AGAINST THE INDIVIDUAL DEFENDANTS AS AIDERS AND ABETTORS**

39. Plaintiff repeats and realleges each and every allegation in paragraphs 1-38 with the same force and effect as if herein more fully set forth.

40. The conduct alleged herein was perpetrated by the individual defendant's John D. Saldarelli and Henry J. Gerard.

41. By the acts alleged herein, the individual defendants are liable to plaintiff I for aiding and abetting the illegal acts of the LP defendants under NYSHRL.

**WHEREFORE**, Plaintiff demands as follows:

a. Compensatory damages

b. Punitive damages;

c. Cost of suit and attorneys fees;

d. Such other and further relief as the Court/Jury may deem just and proper.

Dated: Bronx, New York
June 28, 2005

WOLF & WOLF LLP
Attorneys for Plaintiff

By: _____
EDWARD H. WOLF (EW-0656)
910 Grand Concourse, IF
Bronx, New York 10451
(718) 410-0653

Please purchase Image To PDF Converters on http://www.verypdf.com/ to remove this message, thank you.

**STATE OF NEW YORK**
**EXECUTIVE DEPARTMENT**
**DIVISION OF HUMAN RIGHTS**
8 John Walsh Blvd.- Suite 204
Peekskill, NY 10566
(914)788-8050
(914)788-8059 Ext. FAX

Michelle Cheney Donaldson
Commissioner

Date: 02/04/04

Barbara Levenberg
33 Holmes Avenue
Hartsdale, NY 10530

Re: Barbara Levenberg
    vs.
    American Real Estate
    Partners, L.P.; American
    Real Estate Holdings,
    L.P.: John D.
    Saldarelli, and Henry J.
    Gerard

SDHR No: 3-E-AS-04-1255556-A

Dear Ms. Levenberg:

Please be advised that this office has received your verified complaint and it is now part of the Division's case load. The Division, except for critical exceptions, investigates complaints chronologically by date of filing.

You will be contacted by the Human Rights Specialist assigned to your case when the active investigation of your complaint begins.

Please notify us immediately of any change in your address and telephone number should you move. A form is enclosed for this purpose.

To protect your rights, it is essential that the Division be advised promptly at all times of any change of address.

Thank you for your cooperation.

Very truly yours,

_Margaret Gormley-King_
Margaret Gormley-King
Regional Director

Complainant Letter (INV.11)
/rxc
02/04/04

Please purchase Image To PDF Converters on http://www.verypdf.com/ to remove this message, thank you.

**NEW YORK STATE DIVISION OF HUMAN RIGHTS**
**DO NOT JEOPARDIZE YOUR RIGHTS.  COMPLETE AND RETURN**
**THIS FORM TO THE REGIONAL OFFICE IF YOU MOVE.**

PLEASE PRINT

SDHR NO:    3-E-AS-04-125556-A

CASE TITLE:   Barbara Levenberg    vs.   American Real Estate Partners, L.P.; American Real Estate Holdings, L.P.; John D. Saldarelli, and Henry J. Gerard

COMPLAINANT'S NAME: Barbara Levenberg

NEW TELEPHONE NO: (     ) _____

BUSINESS TELEPHONE NO: (     ) _____

NEW ADDRESS: _____
_____

I WILL BE AT MY NEW ADDRESS ON AND AFTER: _____ (Date)

Please indicate below the name, address and telephone number of a person who may be contacted if the Division cannot locate you at the address you have provided.

NAME: _____

ADDRESS: _____
_____

TELEPHONE NO: (     ) _____


_____            _____
(Complainant's Signature)                     (Date)

Complainant Letter (INV.11)
/rxc
02/04/04

Please purchase Image To PDF Converters on http://www.verypdf.com/ to remove this message, thank you.

STATE OF NEW YORK:  EXECUTIVE DEPARTMENT            EXEC. LAW ART. 15
STATE DIVISION OF HUMAN RIGHTS                      SDHR NO:
                                                    3-E-AS-04-1255556-A

+----------------------------------------------------+
| (State Division of Human Rights on the Complaint of)|
|                                                    |
| Barbara Levenberg                                  |
|                              COMPLAINANT           |
|                                                    |
|           - against -                              |
|                                                    |
| American Real Estate Partners, L.P.;               |
| American Real Estate Holdings, L.P.;               |
| John D. Saldarelli, and Henry J.                   |
| Gerard                       RESPONDENT            |
+----------------------------------------------------+

TITLE VII/ADEA:  Federal Charge No: 16GA405160

I, Barbara Levenberg, residing at 33 Holmes Avenue, Hartsdale, NY 10530, Tel. No. (914) 288-8056H, (914) - charge the above-named respondent whose address is 100 South Bedford Road Mount Kisco, NY 10549 with an unlawful discriminatory practice relating to Employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of Age and Sex.

Date most recent or continuing discrimination took place 12/19/03.

**The particulars are:**
(See attached complaint received from the complainant's attorney, Edward H. Wolf).

Complaint: Title VII/ADEA (INT.10) (1 of 2)
/rxc
02/04/04

Please purchase Image To PDF Converters on http://www.verypdf.com/ to remove this message, thank you.

STATE OF NEW YORK
DIVISION OF HUMAN RIGHTS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
BARBARA LEVENBERG,

       Petitioner,

-against-

AMERICAN REAL ESTATE PARTNERS, L.P.
AMERICAN REAL ESTATE HOLDINGS, L.P.
(a subsidiary of Respondent American Real Estate
Partners, L.P.)
hereinafter referred to as the 'LP respondents' and
JOHN D. SALDARELLI, HENRY J. GERARD,

       Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X  #166-A4-05160

VERIFIED COMPLAINT

SDHR# 3-E-AS 04-1285J756-A

  BARBARA LEVENBERG, as and for administrative complaint to the State Division of Human Rights alleges and states as follows:

  1. At all times hereinafter mentioned the Petitioner, Barbara Levenberg, a 54 year old female, residing at 33 Holmes Avenue, Hartsdale, New York, 10530, and is an employee in good standing with the above partnership entities having been employed for a period of 12 ½ years. Petitioner currently functions as Assistant Comptroller at a salary of $69,000.00

  2. On information and belief, at all times hereinafter mentioned the' L.P'. Respondents are Petitioners employers doing business in the State of New York at 100 South Bedford Road, Mt. Kisco, New York, 10549.

Please purchase Image To PDF Converters on http://www.verypdf.com/ to remove this message, thank you.

Respondent John Saldarelli was and is, *inter alia*, the Chief Financial Officer of American Real Estate Partners L.P. responsible for administering the 'L.P. respondents'. [hereinafter referred to as an aider and abettor.]

4. At all times hereinafter mentioned the Respondent, Henry J. Gerard was and is, *inter alia*, is the vice president and comptroller of the 'LP respondents' and Petitioner's immediate supervisor[ hereinafter referred to as an aider and abettor.]

5. The Respondent partnership entities employ more than 17 individuals.

6. The Respondents, and each of them, have discriminated against the Petitioner in the terms and conditions of her employment as follows:

    a. Gender Discrimination: Respondents have violated Federal and State Law against Gender Discrimination in the terms and conditions of employment in that Males are given more favorable terms and conditions of employment extending from remuneration [salary schedules, overtime pay, bonuses, comp time, flexibility [flextime] and choice of vacation.

    b. Violations of Equal Pay Act. As the Assistant Comptroller, the Petitioner performs work that is the same or similar to at least one male employee without equality in pay with that individual.

    c. Violations of Age Discrimination in Employment Laws. Petitioner is over forty years of age and is a member of a protected class under Federal and State anti-discrimination laws.

The Respondents have violated State and Federal laws against age discrimination in that the respondents employ younger employees who are afforded advancement and better working conditions than the Petitioner. Petitioner has also been denied the right given to individuals of her age to contribute additional monies to her 401K pursuant to the recent "catch up" provisions to the federal tax laws.

7. The most recent act of discrimination relating to the terms and conditions of her employment was December 19th, 2003 relating to disparity in bonuses and salaries in that individuals doing the same or similar work were more favorably compensated for the same or similar work.

8. In addition to the foregoing, the individual respondents have been aiders and abettors to the partnership entities in that they have caused the conditions aforesaid to exist and continue on behalf of the Partnership entities.

9. The Petitioner has been injustly and illegally treated all of which has rendered her sick, sore, lame and disabled.

WHEREFORE, it is respectfully requested that a finding of 'probable cause' issue, and the Respondents be compelled to pay the Petitioner front pay, back pay, attorney's fees, together with whatever equitable relief that seems just and necessary in the premises.

Dated: Bronx, New York,
December 31, 2003

_Barbara Levenberg_
BARBARA LEVENBERG

Please purchase Image To PDF Converters on http://www.verypdf.com/ to remove this message, thank you.