UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
BARBARA LEVENBERG,                         SUPPLEMENTAL COMPLAINT
                                           JURY TRIAL DEMANDED

                Plaintiff,

                                                    05 CV 6012 (CM)(GAY)
-against-

AMERICAN REAL ESTATE PARTNERS, L.P.,
AMERICAN REAL ESTATE HOLDINGS, L.P.,
["Employer"]JOHN SALDARELLI
& HENRY J. GERARD,

                Defendants.
----------------------------------x

      Plaintiff, through her attorneys, Wolf & Wolf, LLP, as and for the Plaintiff's Supplemental Complaint as follows:

      1. Incorporates by reference each and every allegation contained in the original complaint as if it were more fully set forth herein.

      2. On or about June 28, 2005 the Plaintiff brought the instant action against defendants for various violations of federal and state discrimination laws.

      3. At the time of the service of the complaint Plaintiff was employed by the defendants.

      4. Incorporated in the initial complaint is a second SDHR complaint that indicates that her job duties were being stripped from her in retaliation for the filing of the original SDHR complaint. See Exhibit C [exh. B thereof.]

      5. During the course of these proceedings the plaintiff continued to have duties taken from her.

6. Discovery proceeded in due course and ended or closed on April 28, 2006.

7. On April 17, 2006, plaintiff received a notice of termination. Annexed as Exhibit A effective on the last day of discovery.

8. The plaintiff also received a settlement agreement, [annexed as Exhibit B] that indicated that she was fired with three others all over the age of 40.

9. Plaintiff alleges that her termination is a further act of retaliation under all the statutes alleged in her original complaint, incorporated herein.

Dated: Bronx, New York
      June 30, 2006

_____
Edward H. Wolf (EW-0656)

# EXHIBIT A



To: Barbara Levenberg
From: Jon Weber, President
cc: Kim Davis, Chief HR Officer
Date: April 17, 2006

Since joining American Real Estate Holdings in mid 2005, we have spent a good deal of time and thought on how to reorganize American Real Estate Holdings and its affiliated companies (the "Company") to create an organization that separates and defines the Corporate entity from each of its portfolio businesses, and creates an opportunity for productivity enhancements through job consolidations and technology integration. The new organization has been finalized, however your position within the Company has been affected and your job will be one of several that are being eliminated over the next few months.

This news is never easy to deliver or receive, but this letter will explain the details of your employment separation from the Company. Your skills and services will be needed for a period of time to assist with the transition of job responsibilities and technology integration. Your employment will remain "at-will" during this transition period and you will be expected to comply with all Company policies. It is anticipated that your employment with the Company will end April 28, 2006. However, if you voluntarily resign or are terminated for "cause" before the end of the transition period, you will be paid through your last date of employment under the normal termination process. As used herein, "Cause" is defined as: (i) willful personal misconduct or insubordination; provided that such conduct shall continue after notice by the Company, (ii) substance abuse, including reporting for work under the influence of intoxicants; the illegal use, manufacture, possession, distribution or dispensing of controlled substances or alcohol, (iii) negligence or failure to perform work duties or obligations to the Company or such other similar or dissimilar acts involving behavior that harms the Company or its reputation, (iv) conviction of a crime or being charged with a felony, (v) commission of a fraudulent act; (vi) federal or state criminal indictment for securities law violation, (vii) commission of an act of moral turpitude or dishonesty relating to the discharge of your responsibilities to the Company, (viii) willful disclosure, not required by law or court order, of any trade secrets or confidential corporate information of the Company or any of its affiliates to persons or entities not authorized to know same, or (ix) violation of the Company's Code of Business Conduct or policies regarding insider trading.

To assist you as you look for other employment, the company is offering a severance package if you remain employed through the entire transition period. Upon separation, and once you execute a severance and release agreement in form and content acceptable to the Company, which the Company will provide to you at the time of separation, and provided you do not revoke such severance and release agreement (or any portion thereof) on or before the end of the seventh day after the delivery of such executed severance and release agreement to the Company (the "Seventh Day"), then on or before the second business day following the Seventh Day, the Company agrees to provide you as severance and in lieu of any other amounts, a lump sum payment equal to thirty (30) weeks of base pay, based on your normal hours worked and current rate of pay.

Your benefits will end on your separation date. You will then be entitled to continue group health care coverage (if you are enrolled in such coverage) under the COBRA Act. Information on your COBRA rights and COBRA notification will be provided after your employment ends. As a dislocated employee, you will be entitled to certain benefits including state unemployment benefits.

Should you have any questions concerning this notice, the termination of your employment or your benefits please contact Kim Davis – Chief HR Officer for American Real Estate Partners, LP at (212) 702-4354.

100 South Bedford Road   •   Mount Kisco, NY 10549   •   914-242-7700   •   914-242-9282

# EXHIBIT B



**American Real Estate Partners, L.P.**
767 Fifth Avenue, Suite 4700, New York, NY 10153
(T) 212.702.4344 (F) 212.750.5841

April 28, 2006

Barbara Levenberg
[ ] Holmes Avenue
Hartsdale, NY 10530

Re: <u>Separation Agreement and Release of Claims</u>

Dear Barbara:

This letter, upon your signature, will constitute the Agreement between you and American Real Estate Partners, LP (the "Company") on the terms of your separation from employment.

1. Your employment with the Company will be terminated effective April 28, 2006, and you will be paid your earned salary and accrued paid time off (PTO) through that date.

2. Within ten (10) days of the "effective date" of this agreement, as defined in paragraph 10 below, you will receive, in a lump sum, a payment equal to thirty (30) weeks of regular salary, less customary withholding deductions. You agree that this consideration exceeds any payment, benefit, or other thing of value to which you otherwise would be entitled to absent this Agreement.

3. As consideration and inducement to the Company to grant you the payment described in paragraph 2 above, you, for yourself, your heirs, executors, administrators and assigns, unconditionally release the Company, its parent, members, subsidiaries and affiliates, and its officers, directors, managers, agents and employees, including without limitation Carl C. Icahn (collectively, the "Releasees"), from any claims, charges, complaints or grievances of any nature whatsoever whether known or unknown, which you have or ever have had against the Releasees by reason of any actual or alleged act, omission, transaction, practice, conduct, occurrence, or other matter up to and including your execution of this Agreement, including but not limited to, (i) those arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, the Fair Labor Standards Act, the Equal Pay Act, the Age Discrimination in Employment Act, as amended, the Americans with Disabilities Act, the Family Medical Leave Act, the Employee Retirement Income Security Act of 1974, the Civil Rights Act of 1991, as

amended, the Worker Adjustment and Retraining Notification Act, as well as any other federal, state or local law (statutory or decisional), regulation or ordinance, and (ii) any tort and/or contract claims, including any claims of wrongful discharge, defamation, emotional distress, nonphysical injury, personal injury or sickness or other harm. You further agree not to institute any legal actions against the Company for any claim arising out of your employment or the termination thereof, excluding any claim to enforce your rights under this agreement or for state unemployment benefits. You represent that you have not filed any complaints, claims, charges or actions against the Releasees with any federal, state or local agency or court based on actions occurring at any time up to the date of your execution of this Agreement. In addition, you specifically agree to discontinue, with prejudice, the lawsuit you have brought that is pending in the United States District Court for the Southern District of New York, which is captioned, *Barbara Levenberg v. American Real Estate Partners, L.P., American Real Estate Holdings, L.P., John D. Saldarelli, and Henry J. Gerald*, 05 CV 06012 (CM) (GAY).

4. You agree to keep confidential and not to disclose to persons other than your family members, attorneys, accountants, personal advisors or authorities (as required) the facts and terms of this agreement and the discussions leading up to the preparation and signature of this agreement.

5. You agree not to disclose any information (whether business or personal), trade secrets, knowledge or data relating to the business of the Company or its affiliates or relating to the person or persons who control the Company, obtained by you in the course of employment with the Company. You agree to not, without prior written consent of the Company, except to the extent compelled pursuant to the order of a court or other body having jurisdiction over such matter, communicate or divulge any such information, knowledge or data to anyone other than the Company and those designated by the Company. To the extent that you are requested to divulge such information and you believe that you are required to do so, you will immediately notify the Company of the facts and circumstances thereof and cooperate with the Company if it determines to attempt to assert that you are not so required.

6. You agree that all processes, technologies and inventions including new contributions, improvements, ideas, discoveries, agreements, contracts, trademarks or trade names conceived, developed, invented, made or found by you alone or with other employees, during the period of your employment by the Company shall be and remain property of the Company.

7. You agree and acknowledge that should you violate any term of this Agreement, the amount of damages that the Company, or any individual named or acknowledged in Section 3 would suffer as a result of such violation would be difficult to ascertain. You further agree and acknowledge that in the event of a breach of any term of this Agreement, the Company's duty to provide you with any payments pursuant to this Agreement shall immediately cease, and, in

addition to injunctive relief or any other damages, the Company, or individuals as outlined in this section above and in Section 3, may recover all consideration paid pursuant to this Agreement, as well as all costs and expenses incurred by the Company in enforcing this Agreement or defending against a suit brought in violation of this Agreement, including damages and reasonable attorneys' fees.

8. This letter sets forth the entire agreement between you and the Company. There are no other written or verbal agreements.

9. You have forty five (45) days to consider this agreement from the date that it was first given to you, although you may accept it at any time within the forty five (45) day period. You are advised to consult with an attorney to review this agreement. As provided for in the Older Workers Benefit Protection Act in connection with an employment termination program offered to a group of employees, Exhibit A contains a listing of the ages and job titles for employees of the Company who were and were not selected for termination and the offer of consideration for signing a waiver and release within similar job titles.

10. You have seven (7) days after signing this agreement to revoke it by notifying Kim Davis in writing, of such revocation within the seven (7) day period. However, if you do not revoke the agreement, it will become effective on the eighth day after you sign it (the "effective date").To accept this Agreement, please date and sign this letter and return it to Kim Davis - Chief HR Officer for American Real Estate Partners, LP at 767 Fifth Avenue, 47th Floor, New York, NY 10153. (An additional copy is enclosed for your records.) The "effective date" of the Agreement shall be the day you sign the Agreement.

_____
Jon F. Weber, President American Real Estate Partners, LP

I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT AND UNDERSTAND ALL OF ITS TERMS, INCLUDING THE FULL AND FINAL RELEASE OF CLAIMS SET FORTH HEREIN. I FURTHER ACKNOWLEDGE THAT I HAVE VOLUNTARILY ENTERED INTO THIS AGREEMENT; THAT I HAVE NOT RELIED UPON ANY REPRESENTATION OR STATEMENT, WRITTEN OR ORAL, NOT SET FORTH IN THIS AGREEMENT AND THAT I HAVE BEEN GIVEN THE OPPORTUNITY TO HAVE THIS AGREEMENT REVIEWED BY MY ATTORNEY. I ALSO ACKNOWLEDGE THAT I HAVE BEEN AFFORDED A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT. I FURTHER ACKNOWLEDGE THAT THE WAIVER AND RELEASE IN THIS AGREEMENT IS BEING REQUESTED IN CONNECTION WITH THE CESSATION OF MY EMPLOYMENT WITH THE COMPANY AND IN EXCHANGE FOR MY RECEIPT OF CONSIDERATION TO WHICH I OTHERWISE WOULD NOT BE ENTITLED.

Dated: _____

Signature: _____

# Exhibit A
## Demographic Information for
## Decisional Unit: Corporate and Real Estate Accounting Groups of
## American Real Estate Partners, LP

| Position Title | Incumbent's Age | Selected for Termination |
|---|---|---|
| Administrative Assistant – Corporate Acctng. | 44 | no |
| Assistant Controller - AREH | 57 | yes |
| Assistant Controller - Corporate | 44 | no |
| Assistant Controller - Development | 33 | no |
| Assistant Controller – Net Lease | 60 | no |
| Bookkeeper | 65 | no |
| Chief Accounting Officer -Corporate | 42 | no |
| Chief Financial Officer – Real Estate | 64 | no |
| Director Accounting & Reporting - Corporate | 61 | no |
| Director – Consolidations - Corporate | 39 | no |
| Director - Investor Relations - Corporate | 41 | yes |
| HR/Payroll Administrator | 55 | yes |
| Staff Accountant | 29 | no |
| VP- Controller | 65 | yes |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
BARBARA LEVENBERG,

                     Plaintiff,                        05 CV 6012 (CM)(GAY)

-against-

AMERICAN REAL ESTATE PARTNERS, L.P.,
AMERICAN REAL ESTATE HOLDINGS, L.P.,
["Employer"]JOHN SALDARELLI
& HENRY J. GERARD,

                    Defendants.
----------------------------------x

## SUPPLEMENTAL COMPLAINT

                                            Edward H. Wolf (EHW0656)
                                            Attorney for Plaintiff
                                            Barbara Levenberg
                                            910 Grand Concourse, 1F
                                            Bronx, N.Y. 10451
                                            (718) 410-0653

TO:  Meyer, Suozzi, English & Klein
      1505 Kellum Place
      Mineola, N.Y. 11501
      Attn: Robert McGovern